IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY M. PIERANTOZZI,

        Plaintiff,

v.                                          Civil Action No. 3:17-CV-17

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

## REPORT AND RECOMMENDATION

### I.    SUMMARY

The Plaintiff, Gary Pierantozzi, advances three arguments.  The Court is unpersuaded by each of the Plaintiff's arguments.

First, the Plaintiff argues that the Administrative Law Judge (ALJ) erred by assuming that the Plaintiff had not engaged in substantial gainful activity.  If the Plaintiff had engaged in substantial gainful activity the Plaintiff would be deemed not disabled.  The ALJ, however, noted that it was a close call and gave the Plaintiff the benefit of the doubt.  The Plaintiff argues that he did in fact engage in substantial gainful activity and the ALJ's incorrect assumption casts doubt on the remainder of the ALJ's analysis.  The Court is unpersuaded by this argument because Courts regularly defer deciding close issues and instead decide more clear issues which resolve the matter.  That is what the ALJ did here.

Second, the Plaintiff argues that the ALJ erred by failing to conclude that the Plaintiff's pancreatitis was a severe impairment.  The ALJ did however, conclude that the Plaintiff had other severe impairments thus, proceeded to the next step.  The law is clear that if the ALJ finds one severe impairment—and therefore, proceeds past step two—the ALJ does not err by failing to find other severe impairments.

Third, the Plaintiff argues that the ALJ erred by concluding that the Plaintiff's statements were not entirely credible. The Court however, finds that the ALJ's decision is supported by substantial evidence.

Therefore, the Court recommends that the Plaintiff's Motion for Summary Judgment be DENIED and the Commissioner's Motion for Summary Judgment be GRANTED.

## II.      PROCEDURAL HISTORY

On August 29, 2013, the Plaintiff filed an application for disability insurance benefits (DIB) and supplemental security income (SSI). R. 21. The Plaintiff's claims were denied initially on January 20, 2014 and upon reconsideration on March 28, 2014. Thereafter, the Plaintiff filed a request for a hearing. *Id.* On November 17, 2015, the agency held a video hearing. *Id.* The Plaintiff, represented by counsel, appeared by telephone and testified at the hearing. *Id.* On December 11, 2015, the ALJ issued an unfavorable decision. R. 18. The Appeals Council denied review. R. 1.

On February 24, 2017, the Plaintiff filed a complaint to obtain judicial review of the decision of the Commissioner of Social Security denying his application. ECF No. 1.

## III.     THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether

the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* §§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's Residual Functional Capacity (RFC), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of his impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of his past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do his past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983).

At step one, the ALJ determined that the Plaintiff has not engaged in substantial gainful activity since July 1, 2013, the alleged onset date. R. 23. The ALJ noted that the Plaintiff engaged in "near substantial gainful activity" however, the ALJ gave the Plaintiff "the benefit of the doubt" and concluded that the Plaintiff had not engaged in substantial gainful activity. *Id.* Indeed, if the Plaintiff had engaged in substantial gainful activity he would have been deemed not disabled. At step two, the ALJ found that the Plaintiff had the following severe impairments: polyneuropathy and mellitus II. R. 24. At the third step, the ALJ found that none of the

Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the Listings. *Id.* The ALJ then determined that the Plaintiff had the following RFC:

> [T]o perform light work as defined in the 20 CFR 404.1567(b) and 416.967(b) in which the individual can stand/walk for 4 hours and sit for 6 hours in an 8 hour workday with the following additional limitations: no more than occasional postural movements; work should not require greater than occasional exposure to concentrated levels of extreme temperatures, vibrations, fumes/dusts/odors/pulmonary irritants or hazards such as moving mechanical parts or unprotected heights.

R. 25.

At step four, the ALJ determined that the Plaintiff could perform past relevant work thus, the ALJ found that the Plaintiff was not disabled and did not proceed to step five. R. 32-24.

## IV.   LEGAL STANDARDS

### A.   Summary Judgment

 Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**B.**   **Judicial Review**

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3).  The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.*  (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (*quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

## V.     DISCUSSION

The Plaintiff raises three arguments.  The Court is unpersuaded by each.

### A.     <u>The ALJ Did Not Err by Giving the Plaintiff the Benefit of the Doubt</u>

The ALJ found that the Plaintiff worked at "near substantial gainful activity levels" however, the ALJ gave the Plaintiff "the benefit of the doubt in this regard" and assumed that the activity was not substantial and gainful.  R. 23-24.  The ALJ explained that "[t]he [ALJ] will proceed with the sequential evaluation necessary to determine the [Plaintiff's] disability status for the entire period in question.  Should the [Plaintiff] be found 'disabled' . . . the [ALJ] will revisit the issues with regard to the [Plaintiff's] employment and determine conclusively whether or not such work was 'substantial gainful activity.'"  R. 24.

The regulations provide that: "If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."  20 C.F.R. § 404.1520(b).  Thus, if the ALJ had determined that the Plaintiff was engaged in substantial gainful activity the Plaintiff would not be considered disabled and the inquiry would have stopped at step one.  Nevertheless, the Plaintiff argues that the evidence supports a conclusive determination that he engaged in substantial gainful activity.  ECF No. 11 at 9.  The Plaintiff argues that this incorrect determination "only serves to cast a shadow of doubt upon the rest of the ALJ's decision."  *Id.*

The Court is unpersuaded by this argument for two reasons.  First, the Plaintiff argues for a finding that would render him not disabled under the regulations.  Second, the Plaintiff has not directed the Court to a single authority that holds that giving the benefit of the doubt to the losing party on a close issue calls into question the remainder of the decision.  Indeed, courts regularly defer deciding close issues in favor of deciding the case on more clear issues.

**B.**     **The ALJ Did Not Err Evaluating the Severity of the Plaintiff's Pancreatitis**

At step two, the ALJ determined that the Plaintiff had severe impairments of polyneuropathy and mellitus II.  The Plaintiff, however, argues that the ALJ erred by not also concluding that the Plaintiff had a severe impairment of pancreatitis.  The Court is unpersuaded by this argument.

Indeed, the ALJ determined that the Plaintiff had a severe impairment and thus, proceeded to step three.  And "it is not error at step two of the sequential evaluation process for an ALJ to find that a claimant has only one severe impairment when there is substantial evidence of other impairments in the record, so long as the ALJ considers the combined effect of all of the claimant's impairments later in the sequential evaluation process."  *Lauver v. Astrue*, Civil Action No. 2:08-CV-87, 2010 U.S. Dist. LEXIS 32914, at *10 (N.D.W. Va. Mar. 31, 2010).  Therefore, the mere failure to reach a finding that the Plaintiff's pancreatitis was severe was not an error because the ALJ proceeded past step two based on findings of other severe impairments.

Moreover, the Plaintiff directs the Court to evidence which proves that the Plaintiff did have pancreatitis.  However, in addition to a diagnosis "[t]here must be a showing of related functional loss."  *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).  The Court has found little, if any, evidence that indicates that the Plaintiff suffered a functional loss because of his pancreatitis.  Rather, the evidence indicates that his pancreatitis was controlled.  R. 456.  Thus, because there is no evidence that the Plaintiff suffered a functional loss due to his pancreatitis it did not factor into the ALJ's analysis of the "combined effect of all of the claimant's impairments." *Lauver*, 2010 U.S. Dist. LEXIS 32914, at *10.

## C.      The ALJ's Credibility Finding is Supported by Substantial Evidence

The ALJ evaluates a claimant's subjective complaints by engaging in a two-step analysis. The Plaintiff argues that the ALJ erred at step two.  The Court is unpersuaded by this argument.

### 1.      Step One

"First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged."  *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. § 416.929(b)).  Here, the ALJ stated that, "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms."  R. 28.  Therefore, the ALJ proceeded to step two.

### 2.      Step Two

The Plaintiff argues that at step two the ALJ improperly determined that the Plaintiff's statements were not entirely credible.  The Court is unpersuaded by this argument.

At step two, the ALJ evaluates the statements regarding the Plaintiff's "intensity, persistence, and limiting effects of his symptoms."  20 C.F.R. § 416.929(c)(4).  "[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record."  Social Security Ruling (SSR) 96-7p.

In addition to the objective medical evidence, the ALJ must consider the individual's: (1) daily activities; (2) location, duration, frequency, and intensity of pain; (3) factors that aggravate pain; (4) medications; (5) treatment other than medication; (6) measures other than medication

that relieve pain; (7) any other factors.  *See id.*  While the ALJ must consider these factors, "[t]here is no requirement that he state specific findings as to each factor."  *Wolfe v. Colvin*, No. 3:14-CV-4, 2015 WL 401013, at *4 (N.D.W. Va. Jan. 28, 2015).  Moreover, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."  *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citations omitted).  Rather, the decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the [ALJ's] determination and the reason or reasons upon which it is based."  *Id.*

Here, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. . . ."  R. 26.  The Plaintiff raises three arguments as to why this finding is unsupported by substantial evidence.

First, the ALJ noted that the Plaintiff testified that Lyrica "does a good job."  ECF No. 11 at 13 (citing R. 26).  The Plaintiff argues that the ALJ took this statement out of context by failing to also discuss that the Plaintiff stated that he sleeps about 18 hours a day because of side effects from his medications.  The ALJ, however, immediately went on to find that the Plaintiff's statements that he slept for 18 hours a day was inconsistent with his many other activities.  Thus, the Court finds that this statement was not taken out of context.

Second, the Plaintiff argues that the ALJ improperly cited the Plaintiff's daily activities such as mowing the lawn, driving a car, and using the computer as inconsistent with disabling pain.  Indeed, "[a] claimant's ability to perform modest activities of daily living with some assistance is not a reason to reject claims of disabling pain."  *Chandler v. Colvin*, No. 1:15-CV-214, 2017 U.S. Dist. LEXIS 22266, at *40 (N.D.W. Va. Jan. 31, 2017) (citations omitted).  However, here these activities were merely one reason for finding that the Plaintiff's claims were

not entirely credible.    Indeed, the ALJ stated that "[a]t the hearing, the [Plaintiff] described activities, which are not limited to the extent one would expect, given his complaints of disabling symptoms and limitations.    For example, while the [Plaintiff] has testified to a debilitation condition and sleeping for about 18 hours a day, his testimony and the evidence in the record indicates that he has continued to work throughout the relevant period at levels only slightly under substantial gainful activity." R. 26.  "The general rule is one amply supported by common sense: the [ALJ] can consider work done by the claimant after the alleged onset of disability as tending to show that the claimant was not then disabled." *Sigmon v. Califano*, 617 F.2d 41, 42-43 (4th Cir. 1980).  Moreover, the ALJ also found that the "objective [medical] evidence detracts from the severity of the [Plaintiff's] allegations."  R. 27.

Third, the Plaintiff argues that "rather than considering Dr. Fournier's records in their entirety, [the ALJ] selectively chose portions of Dr. Fournier's records in order to show that the evidence was inconsistent with a totally disabling conditions."  ECF No. 11 at 14.  The ALJ, however, discusses in detail Dr. Fournier's records and why they do not support a finding of disability.  Indeed, the ALJ's discussion of Dr. Fournier's records spans the majority of five singles-spaced pages. R. 27- 31.  In contrast, the Plaintiff only directs the Court to one statement which contradicts the ALJ's finding.  The Plaintiff asserts that Dr. Fournier concluded that the Plaintiff needed long-term disability and cites page 490 of the record.  ECF No. 11 at 14.  Page 490 however, only contains a note that the Plaintiff himself believes he needs long-term disability benefits.  It does not contain any statement the Dr. Fournier reached this decision.  Moreover, assuming *arguendo* that Dr. Fournier did reach this conclusion, "disability" in this context is a legal term of art and "a finding of disability is reserved for the Commissioner." *Chandler*, 2017 U.S. Dist. LEXIS 22266, at *36.

## VI.    RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations and is supported by substantial evidence.  Accordingly, the Court **RECOMMENDS THAT**:

1.    Plaintiff's [ECF No. 11] Motion for Summary Judgment be **DENIED**; and

2.    Commissioner's [ECF No. 12] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 30, 2017                           */s/ James E. Seibert*
                                                                JAMES E. SEIBERT
                                                                U.S. MAGISTRATE JUDGE