**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**GARY M. PIERANTOZZI,**

        Plaintiff,

**v.**                                  **CIVIL ACTION NO.: 3:17-CV-17**
                                                  **(GROH)**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of

the Report and Recommendation ("R&R") of United States Magistrate Judge James E.

Seibert.   Magistrate Judge Seibert entered the R&R on August 30, 2017.   ECF No. 14.

In the R&R, Magistrate Judge Seibert recommends the Court grant the Defendant's

Motion for Summary Judgment [ECF No. 12] because the Administrative Law Judge

complied with the applicable laws and her decision is supported by substantial evidence.

Magistrate Judge Seibert recommends the Court deny the Plaintiff's Motion for Summary

Judgment.   ECF No. 11.

## I.   Background

Gary M. Pierantozzi ("Plaintiff") filed an application for disability insurance benefits

and supplemental security income on August 29, 2013.   The application was initially

denied on January 20, 2014, and again upon reconsideration on March 28, 2014.   The

Plaintiff then requested a hearing, which was held before an Administrative Law Judge

("ALJ"), who determined that the Plaintiff was not disabled. The Appeals Council denied the Plaintiff's request for review, and he timely filed his complaint in this Court on February 24, 2017. Thereafter, the Plaintiff filed a motion for summary judgment on June 8, 2017. ECF No. 11. The Commissioner filed her motion for summary judgement on July 10, 2017. ECF No. 12. Magistrate Judge Seibert then entered the R&R on August 30, 2017. ECF No. 14.

## II. Standards of Review

### A. Review of the R&R

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must review *de novo* those portions of the magistrate judge's findings to which a party objects. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and if parties do not object to an issue, the parties' right to *de novo* review is waived as to that issue. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Therefore, this Court will conduct a *de novo* review only as to those portions of the R&R to which any party objects and will review the remaining portions of the R&R for clear error.

### B. Review of the ALJ Decision

The Social Security Act limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" means "more than a

mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Perales, 402 U.S. at 401 (citing Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

A reviewing court must not re-weigh the evidence or substitute its judgment for that of the Commissioner, so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456. Ultimately, it is the duty of the ALJ reviewing a case, not the responsibility of the Court, to make findings of fact and to resolve conflicts in the evidence. King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This Court does not find facts or try the case *de novo* when reviewing disability determinations."); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").

### C.    Evaluation Process

To determine whether a claimant is disabled, the ALJ conducts a five-step evaluation process. 20 C.F.R. § 404.1520(a)(4). If the ALJ finds the claimant is disabled or not disabled at a certain step, the ALJ does not proceed to the next step. Id. At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. The ALJ then determines whether the claimant has a severe impairment at step two. Next, the ALJ Determines whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conducts a Residual Functional Capacity ("RFC") assessment. At step four, the ALJ considers the RFC assessment to determine whether the claimant can perform past relevant work. Finally, during step five the ALJ

3

Considers the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.  See Davidson v. Astrue, Civil Action No. 2:11-CV-55, 2012 WL 667296, at *3 (N.D. W. Va. Feb. 28, 2012) (citing 20 C.F.R. § 404.1520(a)(4)).

Here, under the five-step process, the ALJ found the Plaintiff was not disabled from any time between July 1, 2013, the alleged onset date of his disability, through December 11, 2015, the date of the ALJ's decision.

### III.  Discussion

Upon careful consideration of the record, the parties' motions, and the R&R, the Court finds that Magistrate Judge Seibert committed no clear error with regard to the portions of the R&R to which the Plaintiff filed no objections.   The Plaintiff only objects to the Magistrate Judge's R&R for concluding "that Plaintiff's pancreatitis is not a 'severe' impairment, within the meaning of the Social Security regulations."   See ECF Mo. 15. Accordingly, the Court now considers, de novo, whether Magistrate Judge Seibert's R&R reaches the correct conclusion that the ALJ appropriately considered the Plaintiff's pancreatitis.

First, the Court notes that in his R&R, Magistrate Judge Seibert does not conclude that the Plaintiff's pancreatitis was not a severe impairment.   Instead, Magistrate Judge Seibert concluded that because the ALJ found the Plaintiff suffered other severe impairments, it was not an error to find that the Plaintiff's pancreatitis was not severe "so long as the ALJ considers the combined effect of all of the [Plaintiff's] impairments later in the sequential evaluation process."   ECF No. 14 at 7 (quoting Lauver v. Astrue, Civil

4

Action No. 2:08-CV-87, 2010 WL 1404767, at *4 (N.D. W. Va. Mar. 31, 2010)).

After reviewing the record, this Court agrees with Magistrate Judge Seibert's conclusion. In determining the Plaintiff's residual functional capacity, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence[,]" including the Plaintiff's testimony regarding "significant difficulties related to pancreatitis associated with problems digesting food." ECF No. 9-2 at 26, 27.

This Court agrees with Magistrate Judge Seibert that there is "little, if any, evidence that indicates that the Plaintiff suffered a functional loss because of his pancreatitis." ECF No. 14 at 7. Indeed, the medical evidence of record (see ECF Nos. 9-8 at 13-14, 38; 9-11 at 73-74 & 9-12 at 5) demonstrates that the Plaintiff's pancreatitis was under control—as the ALJ found in her decision. ECF No. 9-2 at 25 (finding the Plaintiff suffered from non-severe impairments, including "history of pancreatitis/chronic pancreatitis, stable on medications.").

Other than the Plaintiff's own testimony that he went to the bathroom five times a day, there is no evidence that the Plaintiff's pancreatitis caused *any* functional loss. Further, Magistrate Judge Seibert concluded that substantial evidence supports the ALJ's credibility finding that "the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." ECF No. 14 at 7 (quoting ECF No. 9-2 at 27). The Plaintiff did not object to the R&R regarding the ALJ's credibility determination. Reviewing the record as a whole, it is clear to this Court that substantial evidence supports the ALJ's residual functional capacity for the Plaintiff.

## IV.   Conclusion

Accordingly, because substantial evidence supports the ALJ's decision, the Court **OVERRULES** the Plaintiff's objection.   Upon review of the entire record, it is the opinion of this Court that the Report and Recommendation [ECF No. 14] should be, and is, hereby **ORDERED ADOPTED**.   For the reasons more fully stated in the Report and Recommendation, this Court **ORDERS** that the Plaintiff's Motion for Summary Judgment [ECF No. 11] be **DENIED** and the Commissioner's Motion for Summary Judgment [ECF No. 12] be **GRANTED**.   The Court further **ORDERS** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter a separate order of judgment in favor of the Commissioner.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** November 17, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE